GENERAL LUMBER COMPANY OF NEW JERSEY, ASSIGNEE OF JULIUS J. SCHULTZ, PLAINTIFF-APPELLEE, v. JEFFERSON BUILDING AND LOAN ASSOCIATION, IMPLEADED WITH SOPHIE P. SCHULTZ, DEFENDANT-APPELLANT.

Submitted October 25, 1935—Decided January 31, 1936.

For the defendant-appellant, *Harry J. Cafferata* and *John D. Pierson.*

For the plaintiff-appellee, *DeFazio & Beronio (Charles DeFazio, Jr.).*

The opinion of the court was delivered by

BODINE, J.  The defendant, building and loan association, appeals from a judgment in favor of the plaintiff, an assignee of Julius J. Schultz.  It appears that Schultz being obligated to the building and loan association upon a bond sometime in default secured work in repairing some of its buildings taken under foreclosure or otherwise.  The amount sued for was for work and labor performed.  It was conceded that Schultz was entitled to the sum of $153.57 previously ten-

dered, but it was contended that the sum of $452.56 had been applied by his prior authorization to part settlement of his obligation upon the bond. The mortgage securing the bond covered property where Schultz lived and had his work shop. Title, however, was in the name of Sophie P. Schultz, a daughter-in-law. She was a defendant to the present action but a nonsuit was entered against her. Since there must be a new trial we need not note the many departures from the orderly procedure which usually characterizes proceedings in the courts of this state. .

There was admitted in evidence a letter written to Mrs. Schultz by plaintiff's counsel containing many recitals of what she was supposed to have said when she was interviewed at his office. A lawyer's statement of what a witness has said is not a substitute for affirmative proof of the facts from the mouth of a witness examined in open court. Assuming that it may have been desirable to contradict this witness her statement to others might have been admissible. *Fox* v. *Forty-four Cigar Co.*, 90 *N. J. L.* 483. But it has heretofore been thought necessary to call to the stand a witness who has heard contradictory statements and can prove such statements in the usual way. Besides we cannot understand how the letter was relevant as against the building and loan association. It is obvious that there was prejudicial error in the admission in evidence of this lawyer made recital of facts, which must have confused the jury in determining the issue between the assignee and the building and loan association.

The judgment is reversed, to the end that there may be a *venire de novo*.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, JJ. 13.